UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Antonio Jose Alonzo, | ) | |
| | ) | Civ. No.: 3:08-cv-127 |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| United States of America | ) | **ORDER DENYING MOTION TO VACATE** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| Defendant. | ) | **UNDER 28 U.S.C. § 2255 ON GROUNDS** |
| | ) | **THAT STATUTE OF LIMITATIONS HAS** |
| | ) | **RUN AND THAT DOCTRINE OF** |
| United States of America, | ) | **EQUITABLE TOLLING DOES NOT** |
| | ) | **APPLY** |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Cr. No.: 3:03-cr-90-05 |
| | ) | |
| Antonio Jose Alonzo, | ) | |
| | ) | |
| Defendant. | ) | |

## I. SUMMARY OF HOLDING

Before the Court is Antonio Alonzo's (hereafter "Alonzo") Motion to Vacate, Set Aside or Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255. (Doc. 804). Because Alonzo has allowed the one-year statute of limitations to run and there exists no basis for equitably tolling the statute of limitations his motion is denied.

## II. STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On September 24, 2003, Alonzo was indicted in a single count of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance in violation of 21 U.S.C. § 846. (Doc. 1). On January 5, 2004, the United States filed a notice informing Alonzo of their

1

intention to use his prior criminal history to impose a mandatory life sentence if convicted.  A jury trial was commenced on September 20, 2004, which resulted in a verdict of conviction rendered on September 24, 2004.  (Doc. 588).

Alonzo was sentenced to the mandatory minimum life sentence on January 7, 2005. (Doc. 674)  Judgment was entered on January 11, 2005 (Doc. 677) and a notice of appeal was filed on January 14, 2005. (Doc. 680).

On appeal Alonzo's counsel filed a brief under the doctrine of Anders v. California, 386 U.S. 738 (1967).  United States v. Alonzo, 147 Fed. Appx. 617 (8th Cir. 2005).  Alonzo was granted leave to file a *pro se* supplemental brief but elected not to.  Id.  He raised eight issues on appeal: (1) insufficiency of the evidence; (2) prosecution was barred by double jeopardy; (3) that the Court violated the Sixth Amendment by making fact findings that resulted in the defendant being a person subject to the mandatory minimum which Alonzo argued were beyond those necessarily made by the jury; (4) ineffective assistance of counsel; (5) violation of the marital privilege by admitting into evidence a recording of a controlled buy; (6) a violation of the cumulative error doctrine; (7) a search warrant to search Alonzo's apartment was invalid; and (8) the indictment was not supported by probable cause. Id.

The Court of Appeals summarily rejected seven of the eight claims, declining to rule on the fourth issue, stating: ". . .claims of ineffective assistance of trial counsel should be raised, if at all, in a motion under than 28 U.S.C. § 2255. See, United States V. Halter, 411 F.3d 949, 951 (8th Cir. 2005)(per curium)." United States v. Alonzo, 147 Fed. Appx. at 617.  The Court's mandate was issued on October 14, 2005. (Doc. 743).  On October 27, 2005, the Court of Appeals recalled its  mandate *sua sponte* to afford Alonzo an opportunity to file a petition for

rehearing *en banc*. (Doc. 744). A new mandate was issued on December 8, 2005 on an opinion affirming the trial court on all issues and reserving the issue of ineffective assistance of trial counsel for a subsequent 28 U.S.C. § 2255 motion. (Doc. 745). The deadline for filing a petition for writ of certiorari with the United States Supreme Court ran not later than March 8, 2006 without the defendant ever filing a petition for the writ.

On November 12, 2008, Alonzo filed a Motion for Extension of Time to file his first motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 outside the one-year time limitation found in the Anti-terrorism and Effective Death Penalty Act (AEDPA). (Doc. 797). In his filing Alonzo also asserted that the one-year statute of limitations is unconstitutional under Article I, Sec. Nine, Clause 2 of the United States Constitution and the Separation of Powers Doctrine. (Doc. 797 at p. 1).

On November 13, 2008, the Court issued its order on the Motion for Extension of Time to File holding that the Court was without jurisdiction to entertain the motion unless a petition under 28 U.S.C. § 2255 was actually filed. (Doc. 798). Alonzo filed such a petition on November 17, 2008. (Doc. 804). In the petition Alonzo asserts (1) that he received ineffective assistance of counsel both at trial and on appeal; (2) that the controlled substances act is unconstitutional because it was never duly enacted because of a "lack Congressional quorum" (sic); (3) actual innocence and insufficiency of the evidence; (4) ineffective assistance of counsel at sentencing; and (5) a renewal of his previous claim that the statute of limitations is unconstitutional. Id.

This opinion follows.

3

## III.  DISCUSSION

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In the case at bar, Alonzo makes no claim that (2), (3) or (4) have any applicability to his claim; rather, he only asserts that the statute of limitations is unconstitutional.  Alonzo has essentially conceded that barring a successful constitutional challenge to the statute of limitations that his claim under 28 U.S.C. § 2255 expired not later than March 8, 2007–more than 20 months before he first moved for leave to file his petition.

In order to preserve his claim, Alonzo has asserted that the Anti-Terrorism and Effective Death Penalty Act is an improper "amendment to the Constitution" in contravention of Article I, Sec. 9, Cl. 2 of the United States Constitution. (Doc. 797 at 4).  The relevant provision of Article I provides:

> The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it.

UNITED STATES CONST. Art. I, Sec.9, Cl. 2.

While the United States Court of Appeals for Eighth Circuit has not directly addressed the issue, a number of appellate and trial courts have concluded that the one-year statute of limitations under 28 U.S.C. § 2255 does not violate the Suspension Clause. Lucidore v. N.Y. State Div. of Parole, 209 F. 3d 107, 113 (2d Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392-93 (5th Cir. 1999); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998); Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1216-17 (11th Cir. 2000); Weaver v. United States, 195 F.3d 123, 125 (2nd Cir. 1999); Delaney v. Matesanz, 264 F.3d 7, 11-12 (1st Cir. 2001). Given the complete paucity of law to sustain the defendant's position in any circuit, it appears highly unlikely that if confronted with this question the Court of Appeals for this circuit would find that the AEDPA statute of limitations violates the Suspension Clause. See, United States v. Mansell, 2006 WL 1313164 (W.D. Ark. 2006)(Suspension Clause not implicated by one-year statute of limitations).

Some commentators and courts have argued that where there is a meritorious claim of actual innocence, the one-year statute of limitations might violate the Suspension Clause. Lucidore 209 F.3d at 112. Among his five claims Alonzo asserts "Actual innocence of conspiracy to distribute controlled substances." In support of this allegation he specifically alleges:

> The government failed to prove during trial that Petitioner participated in the overall conspiracy, counsel of record failed to file timely Rule 29 on the insufficiency of the government's evidence. There is no lab report to support government witnesses that petitioner obtained or possessed any controlled substances during trial (sic).

5

(Doc. 804 p.7).

A close review of the record reveals that much that Alonzo claims in this regard is simply spurious. It is undisputable that Alonzo's counsel did in fact make a Rule 29 motion at the close of the government's case in chief (Doc. 587) and that the Rule 29 motion was renewed at the close of evidence. (Doc. 588). Both motions were denied on the ground that there was more than sufficient evidence to present a jury question on guilt and innocence. Nothing has changed in that analysis and it appears that no plausible claim of factual innocence can be raised, nor has Alonzo pointed to any newly discovered evidence that might lead one to rationally question his guilt. Under these circumstances the one-year statute of limitations does not violate the Suspension Clause either on its face and as applied under the circumstances of Alonzo's facts.

The Separation of Powers claim is equally flawed. It is undisputed that Congress has been recognized since the advent of the Republic as having the authority to enact statutes of limitation. See, Lucidore v. N.Y. State Div. of Parole, 209 F. 3d 107, 113 (2d Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392-93 (5th Cir. 1999); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998); Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1216-17 (11th Cir. 2000); Weaver v. United States, 195 F.3d 123, 125 (2nd Cir. 1999); Delaney v. Matesanz, 264 F.3d 7, 11-12 (1st Cir. 2001); Wilson ex. rel. Wilson v. Gunn, 403 F. 3d 524 (8th Cir. 2005).

The only other possible claim that could be asserted by Alonzo is that the statute of limitations should be equitably tolled. Equitable tolling can apply to the one-year statute of limitations period for a motion to vacate a judgment under 28 U.S.C. § 2855. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005).

As a general rule equitable tolling is to be considered under two circumstances: (1) if there are "extraordinary circumstances" beyond a movant's control that would keep from filing in a timely fashion, or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct.  United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006).  A review of the claims set forth in the petition reveals that each of the claims was either well-known to the petitioner at the time that the cause of action began to accrue under 28 U.S.C. § 2255 (the three separate claims that the defendant was given ineffective assistance of counsel thus depriving him of his Sixth Amendment right) or easily within his ability to ascertain (his claims relating to the Congressional "quorum" irregularity or the Suspension Clause claim).  There is nothing extraordinary about the circumstances that can explain Alonzo's decision to rest on his claim and no relief from the statute of limitations can be afforded on that ground.[1]

On the record before the Court the Defendant Antonio Jose Alonzo has failed to perfect his 28 U.S.C. § 2255 claim within the applicable one-year statute of limitations.

**IT IS HEREBY ORDERED** that the Defendant's Motion to Vacate, Set Aside or Correct Sentence by Person in Federal Custody is in all things **DENIED.**

### IV.  DECISION

For the foregoing reasons the Alonzo's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and his action is **DISMISSED** with prejudice.

The Court certifies that an appeal the dismissal of this action may not be taken *in forma*

---

[1] Likewise Alonzo cannot claim that his *pro se* status or lack of knowledge of the law is a basis for equitable tolling.  The 8th Circuit has repeatedly indicated that lack of legal knowledge or even access to legal resources is not a sufficient basis for equitably tolling to be applied.  Kreutzer v. Bowersox, 231 F.3d 46, 461 (8th Cir. 2001); United States v. Bell, 68 Fed. Appx. 762 (8th Cir. 2003).

*pauperis* because such an appeal would be frivolous and cannot be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Furthermore, the Court finds that Rivera has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration.  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Therefore, the Court will not issue a certificate of appealability.

Dated this 18th day of December, 2008.

                                          /s/ Ralph R. Erickson
                                          Ralph R. Erickson, District Judge
                                          U.S. District Court